# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

**KAREN DAVIS,**

                **Plaintiffs,**                            09-CV-0919S(Sr)

v.

**NBS TRUCKING, LTD.** and
**EUGENE B. FRANTZ, JR.,**

                **Defendants.**

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #12.

This personal injury action was resolved by stipulation of dismissal by prejudice which was ordered by the Court on June 24, 2010. Dkt. #26. Currently before the Court is plaintiff's counsel's motion for a judicial determination regarding the appropriate distribution of $315,000.00 in attorneys' fees between Webster Szanyi, LLP ("Webster Szanyi"), counsel at the time this matter was resolved, and initial counsel, J. Michael Hayes, Attorneys at Law ("J. Michael Hayes"). Dkt. #27.[1]

---

[1] By letter dated October 1, 2010, interim counsel, Gibson, McAskill & Crosby, LLP advised that it does not seek attorneys' fees for legal work performed on behalf of plaintiff in this matter.

## BACKGROUND

Plaintiff, Karen Davis, was injured in a motor vehicle accident on January 23, 2007. Dkt. #27-2, ¶ 4. Plaintiff retained J. Michael Hayes on February 6, 2007. Dkt. #30, ¶ 4. J. Michael Hayes: (1) retained a private investigator to obtain witness statements and a copy the accident report; (2) obtained and reviewed plaintiff's medical records; (3) demanded disclosure and preservation of evidence from the company which owned and operated the truck which struck plaintiff; (4) communicated with the no-fault carrier so that plaintiff's benefits would commence; (5) engaged in multiple conversations with the claims adjuster and counsel for the trucking company regarding disclosure of medical records and the potential value of plaintiff's claim; (6) prepared and filed a Notice of Intention to File a Claim against the State of New York and New York State Thruway Authority; and (7) attended a hearing before the Workers' Compensation Board. Dkt. #30. During that time, plaintiff underwent two surgical procedures. Dkt. #30. Plaintiff's counsel declares that he intended to commence suit on plaintiff's behalf in federal court, but purposefully waited until plaintiff's medical prognosis became clearer. Dkt. #30, ¶ 38.

Plaintiff discharged J. Michael Hayes on or about November 13, 2008 and retained Gibson McAskill & Crosby, LLP. Dkt. #27-2, ¶ 5. Plaintiff discharged Gibson McAskill & Crosby, LLP on or about July 15, 2009 and retained Webster Szanyi. Dkt. #27-2, ¶ 6.

Webster Szanyi filed a complaint on plaintiff's behalf on August 20, 2009. Dkt. #27-2, ¶ 7. A little over nine months later, Webster Szanyi settled the matter for

$950,000 – approximately 97% of the available insurance. Dkt. #27-2, ¶ ¶ 9 & 34. According to their time records, Webster Szanyi spent 230 hours on plaintiff's case. Dkt. #27-2, ¶ 33. Webster Szanyi: (1) prepared the initial medical summary; (2) investigated the ongoing business status of the trucking company; (3) prepared the summons and complaint; requested that defendant withdraw frivolous affirmative defenses; (4) prepared discovery demands and responded to defendants' discovery demands; (5) attended court conferences; (6) attended plaintiff's deposition; (7) deposed defendants; (8) obtained defendants' concession of negligence; (9) prepared a mediation memorandum; (10) attended mediation; (11) served a "bad faith" letter concerning the individual defendant; (12) filed a motion to compel an additional Rule 30(b)(6) deposition; (13) filed a partial motion for summary judgment regarding liability; (14) continued mediation; (15) discussed settlement options with plaintiff and a financial advisor/structured settlement broker; (16) discussed future medical expenses with plaintiff; (18) resolved the Workers' Compensation lien; and (19) finalized the settlement. Dkt. #27-2.

## DISCUSSION AND ANALYSIS

Webster Szanyi seeks at least 90% of the attorneys' fees in this matter. Dkt. #27-2, ¶ 36. J. Michael Hayes seeks at least 40% of the attorneys' fees in this matter. Dkt. #29.

A district court may exercise ancillary jurisdiction to resolve a fee dispute between attorneys in an underlying personal injury suit. *Garcia v. Teitler*, 443 F.3d 202,

208-09 (2d Cir. 2006), *citing Grimes v. Chrysler Motors Corp.,* 565 F.2d 841 (2d Cir. 1977). Pursuant to New York law, the "outgoing attorney may elect to take compensation on the basis of a presently fixed dollar amount based upon quantum meruit for the reasonable value of services or, in lieu thereof, the outgoing attorney has the right to elect a contingent percentage fee based on the proportionate share of the work performed on the whole case." *Lai Ling Cheng v. Modansky Leasing Co., Inc.*, 73 N.Y.2d 454, 458 (1989). The "contingent percentage fee is properly determined at the end of litigation when the amount of the recovery and the relative contribution of the lawyers to it can be ascertained." *Id.* at 459. In its assessment of relative contribution, courts consider the time and labor invested; actual work performed; difficulty of the issues involved in the case; skills required to handle the matter; attorney's skills and experience; and the effectiveness of counsel in bring the matter to resolution. *See Greenberg v. Cross Island Indus., Inc.*, 522 F. Supp.2d 463, 469 (E.D.N.Y. 2007); *Buchta v. Union Endicott Cent. Sch. Dist.*, 296 A.D.2d 688, 689-90 (3d Dep't 2002).

At the outset, the Court notes that both counsel possess the skills and experience to ably represent plaintiff in this matter and rejects any suggestion that initial counsel's handling of this matter was in any way deficient. The Court will not second guess initial counsel's determination to wait to sue this matter until plaintiff's medical prognosis was clearer and notes that it appears that plaintiff discharged initial counsel shortly after her second surgical procedure. However, it is clear that Webster Szanyi invested substantially more time in this matter; that Webster Szanyi's time was spent on significantly more substantive legal work; and that Webster Szanyi effectively resolved

this matter expeditiously with a highly favorable settlement for plaintiff. Thus, the Court finds it appropriate to apportion 20% of the attorneys' fee to J. Michael Hayes and 80% to Webster Szanyi.

## CONCLUSION

For the foregoing reasons, the Court determines that Webster Szanyi, LLP shall forward 20% of the attorneys' fee in this matter to J. Michael Hayes, Attorneys at Law.

**SO ORDERED.**

DATED: Buffalo, New York
December 7, 2010

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**